UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CR-60035-RUIZ/AUGUSTIN-BIRCH

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**WESLEY DEMOND BABINEAUX,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

This cause is before the undersigned United States Magistrate Judge upon order of reference from the Honorable Rodolfo A. Ruiz, III, United States District Court Judge. DE 28. The Court held a hearing on August 22, 2025, to permit Defendant Wesley Demond Babineaux to change his plea. Assistant United States Attorney Corey O'Neal appeared on behalf of the Government. Attorney Robert Pelier appeared on behalf of Defendant, who was present.

    1.    The Court placed Defendant under oath for the hearing.

    2.    The Court advised Defendant of his right to have the District Judge assigned to this case conduct the hearing. The Court advised that it was conducting the hearing at the request of Defendant, his attorney, and the Assistant United States Attorney assigned to the case. The Court advised that the District Judge assigned to the case will be the sentencing Judge, will schedule and conduct the sentencing hearing, and will make all findings and rulings concerning Defendant's sentence. The Court advised that Defendant did not have to permit the Court to conduct the hearing to change his plea and could request that the District Judge conduct the hearing instead. Defendant,

his attorney, and the Assistant United States Attorney all consented to have a United States Magistrate Judge conduct the hearing to change Defendant's plea.

3. The Court conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4. The parties have entered into a written Plea Agreement. DE 32. The Court reviewed the Plea Agreement on the record, and Defendant acknowledged signing the Plea Agreement.

5. Defendant pled guilty to Count 1 of the Indictment, which charges him with conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. § 846. DE 7.

6. The Government stated that it will recommend dismissal of Counts 2–4 of the Indictment.

7. The Court reviewed with Defendant the statutory maximum penalties and any minimum mandatory penalties applicable to the crime to which he pled guilty. Defendant acknowledged that he understood the penalties that apply in this case.

8. The Plea Agreement states that the Government agrees to recommend that Defendant be sentenced at the low end of the Sentencing Guidelines range, as that range is determined by the Court. DE 32 at 3. The Plea Agreement states that the parties agree to jointly recommend that the Court impose a sentence without regard to any statutory minimum sentence provided that Defendant satisfies the requirements of 18 U.S.C. § 3553(f). *Id.* The Plea Agreement further states that the Government agrees to recommend a two-level reduction under the Sentencing Guidelines for acceptance of personal responsibility and, if certain conditions are

met, to move for an additional one-level reduction for assisting authorities. *Id.* at 3–4. The Court explained to Defendant that sentencing recommendations are not binding on the Probation Office or on the District Court, and Defendant may not withdraw his plea based upon the District Court's decision not to accept a sentencing recommendation.

9. The parties submitted a written Factual Proffer, which was signed by Defendant, his attorney, and the Assistant United States Attorney. DE 31. The Assistant United States Attorney summarized the Factual Proffer for the record. Defendant acknowledged that he signed the Factual Proffer, understands it, and has had the opportunity to fully discuss it with his attorney. Defendant agreed that the Factual Proffer is true and correct and accurately sets forth the facts in his case as he understands them to be. Having reviewed the Factual Proffer, the Court finds that it sets forth each of the essential elements of the crime to which Defendant pled guilty.

10. Based on the foregoing and the plea colloquy, the Court finds that Defendant entered his plea of guilty to Count 1 of the Indictment freely, knowingly, and voluntarily. The Court accepts the guilty plea.

11. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends that the District Court accept Defendant's plea of guilty to Count 1 of the Indictment, adjudicate Defendant guilty of conspiracy to possess with intent to distribute and distribute a controlled substance, and conduct a sentencing hearing for final disposition of this case.

The parties have 14 days from the date of this Report and Recommendation within which to file objections, if any, with Judge Ruiz. Under Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives a party's right to

review and bars the party from attacking on appeal any legal rulings or factual findings contained herein.  The parties agreed to file a notice of non-objection within 3 days of the date of this Report and Recommendation.

      **DONE AND RECOMMENDED** in Chambers at Fort Lauderdale, Florida, this 25th day of August, 2025.

                                                PANAYOTTA AUGUSTIN-BIRCH
                                                UNITED STATES MAGISTRATE JUDGE